UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
DERRICK WILLIAMS, :
:
                      Plaintiff, : 11 Civ. 366 (JMF)
:
      -v-  : MEMORANDUM OPINION
: AND ORDER
WARDEN EVELYN A. MIRABAL and :
DEP. WARDEN B. SUPRENANT, :
:
                    Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    Plaintiff Derrick Williams brought this action, *pro se*, against Defendants Warden Evelyn A. Mirabal and Deputy Warden B. Suprenant pursuant to Title 42, United States Code, Section 1983 and Title 42, United States Code Section 12132 (Title II of the Americans With Disabilities Act, or "ADA"). In his Complaint filed on January 11, 2011, Williams alleges that the conditions of confinement at the North Infirmary Command ("NIC") on Rikers Island violated the "bu[i]ld[ing] code and . . . the ADA rules" because "there are mice," "the shower [drains] are all stop[ped] up," there are leaks in the toilets and heaters, floors and windows are breaking, there are no ramps or railings coming from the front door of the building, and the heating "[does] not work good." (Compl. ¶¶ II(D), V). Williams seeks monetary damages and injunctive relief. (*See id.* ¶ V).

    On September 18, 2012, Defendants filed a motion to dismiss the Complaint under Rule 12(b) of the Federal Rules of Civil Procedure on multiple grounds, including that Plaintiff lacks standing, did not exhaust his administrative remedies as required under the Prison Litigation Reform Act, fails to state a claim under the ADA, and fails to allege municipal liability or

personal involvement of any named defendant in any constitutional violation. (Docket Nos. 25 & 26). On September 19, 2012, the Court issued an Order, directing Plaintiff to file any amended complaint or opposition to Defendants' Motion no later than October 29, 2012. On October 12, 2012, Plaintiff filed a document, styled a "motion to amend complaint," alleging various facts that did not appear in the original complaint. Plaintiff Williams's "motion to amend" was not a complete pleading, but merely seemed to supplement the original complaint with additional facts. On October 22, 2012, the Court issued an order, denying Plaintiff's "motion to amend" and granting Plaintiffs a final opportunity to amend his Complaint no later than November 26, 2012. (Docket No. 32). On November 5, 2012, the Clerk of Court mailed a copy of this Order to Williams, which was returned as undeliverable on November 29, 2012.

On December 6, 2012, the Court issued an Order directing Defendants to investigate Williams's whereabouts and advise the Court no later than December 13, 2012, of any information that they uncover. The Court also noted, however, that it was Plaintiff's obligation to update the Court in the event that his address changes, and that if the Court was unable to identify an address at which Plaintiff Williams would receive mail and did not receive any communication from him by December 28, 2012, it would proceed to consider Defendants' September 18, 2012 motion to dismiss. (Docket No. 33). On December 13, 2012, Defendants submitted a letter to the Court, stating that public records of the New York State Department of Corrections and Community Supervision ("DOCCS") indicate that Williams was released from Green Haven Correctional Facility on October 26, 2012, and that neither Williams's Inmate Information nor his Parolee Information include a contact address for him. (Docket No. 34). To date, the Court has not heard from Williams in response to the Court's December 6, 2012 Order.

A court "may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." *Lipton v. Cnty. of Orange, N.Y.*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004); *see also Robinson v. Fischer*, No. 09 Civ. 8882 (LAK) (AJP), 2010 WL 5376204, at *10 (S.D.N.Y. Dec. 29, 2010) (collecting cases). As Plaintiff Williams has not responded to Defendants' Motion to Dismiss and the Court has had no contact with him since October 2012, the Court finds that Plaintiff has failed to respond to Defendants' motion and that his claims are indeed abandoned.

Accordingly, Defendants' Motion to Dismiss is GRANTED. (Docket No. 25). The Clerk of the Court is directed to mail a copy of this Memorandum Opinion and Order to Plaintiff Williams at the address on file and to terminate this case.

SO ORDERED.

Dated: January 16, 2013
New York, New York

_____
JESSE M. FURMAN
United States District Judge